IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DR. MARY BEGOLE                                                                                    PLAINTIFF

V.                                                                      CIVIL ACTION NO.: 1:17-cv-33-SA-DAS

NORTH MISSISSIPPI MEDICAL CENTER, INC.,
NORTH MISSISSIPPI HEALTH SERVICES, INC.,
TUPELO EMERGENCY CARE ASSOCIATES, LLC,
and DR. JOSEPH JOHNSEY                                                                         DEFENDANTS

ORDER

Now before the Court is the Plaintiff, Dr. Mary's Begole's, Motion to Vacate Arbitrator's Award [32]. The Motion [32] has been fully briefed and is ripe for adjudication. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

This civil action was initially commenced on February 27, 2017, when Begole filed her Complaint [1] in this Court. In her Complaint [1], Begole made several allegations of misconduct that allegedly occurred when she was providing emergency physician services for North Mississippi Medical Center's Emergency Department. She brought claims pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, in addition to multiple state law claims.

On March 23, 2018, this Court granted the Defendants' request to compel this matter to arbitration. *See* [24]. In its Memorandum Opinion [24], the Court explained its reasoning and ultimately concluded that "the parties have a valid agreement to arbitrate which covers the claims sought to be asserted by the Plaintiff." [24] at p. 10. Begole appealed that ruling to the Fifth Circuit. *See* [27]. The Fifth Circuit ultimately affirmed this Court's decision and held that the claims were

in fact subject to arbitration. *See* [29]. The parties then commenced with arbitration. On July 13, 2021, the arbitrator issued a 63-page opinion granting summary judgment in the Defendants' favor on all claims. *See* [32], Ex. 1.

Now Begole comes back to this Court. On October 12, 2021, she filed the present Motion [32], asking the Court to vacate the arbitrator's decision. Begole contends that the arbitrator: (1) "committed misconduct and deprived [Begole] of a fair hearing;" and (2) "exceeded her powers." [33] at p. 2-4. The Defendants oppose the request and assert that Begole has come forward with nothing to support such extraordinary relief.

*Analysis and Discussion*

"The [Federal Arbitration Act] provides the means for enforcing arbitral awards by way of a judicial decree confirming, vacating, modifying or correcting an award." *Hancock Fabrics, Inc. v. Rowdec, LLC*, 2013 WL 6078960, at *2 (N.D. Miss. Nov. 19, 2013) (citing *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)). The FAA sets forth the circumstances when a district court may vacate an arbitration award:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

>  (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is *extraordinarily narrow*." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (quoting *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002)) (emphasis added). The Fifth Circuit also characterized judicial review of arbitration awards as "exceedingly deferential." *Hamstein Cumberland Music Group. v. Williams*, 532 F. App'x 538, 542 (5th Cir. 2013) (citations omitted). And "an arbitrator's decision will be vacated 'only in very unusual circumstances.'" *Rainier DSC 1, LLC v. Rainier Capital Mgmt., LP*, 828 F.3d 362, 364 (5th Cir. 2016) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)). Importantly, "[t]he party moving to vacate the arbitral award bears the burden of proof." *Hancock Fabrics*, 2013 WL 6078960 at *2 (citation omitted).

As the Supreme Court has phrased it, "[c]ourts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers Int'l Union, AFL-CIO v. MISCO, Inc.*, 484 U.S. 29, 38, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987). "Section 10(a) does not provide for vacatur of an arbitration award based on the merits of a party's claim." *The Householder Grp. v. Caughran*, 354 F. App'x 848, 851 (5th Cir. 2009). Stated differently, "[a]n arbitration award 'may not be set aside for a mere mistake of fact or law.'" *Cooper v. Westend Capital Mgmt., LLC*, 832 F.3d 534, 546 (5th Cir. 2016) (quoting *Rain CII Carbon, LLC*, 674 F.3d at 472). "If parties could take full-bore legal and evidentiary appeals, arbitration would become merely a prelude to a more cumbersome and time-consuming judicial-review process." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568-69, 133 S. Ct.

2064, 186 L. Ed. 2d 113 (2013) (quoting *Hall St. Assocs.*, 552 U.S. at 588) (internal quotation marks omitted); *see also Simons v. Brown*, 444 F. Supp. 3d 642, 650 (E.D. Pa. Mar. 16, 2020) (noting that if a full judicial review was permitted, arbitration would essentially only be an "opening act").

Against this backdrop, the Court turns to Begole's arguments that the arbitrator's decision should be overturned. She first argues that, by granting summary judgment in the Defendants' favor without first holding a hearing, the arbitrator's conduct violated 9 U.S.C. § 10(a)(3). In addition, she claims that the arbitrator's decision should be vacated because the arbitrator "refused to consider one of [her] legal claims." *Id*. at p. 3. Finally, Begole asserts that the award should be vacated because the arbitrator "failed to follow the express provisions of the arbitration agreement" and "failed to follow the arbitration rules for which the parties contracted." *Id*. at p. 4-5. The Defendants raise opposition to each argument.

    I.     *Ruling without a hearing*

Begole specifically avers that "an arbitrator commits misconduct warranting vacation when the arbitrator deprives a party of an opportunity to orally present proof and arguments at a real-time event." [33] at p. 2. In other words, Begole contends the arbitrator's decision must be vacated because she did not hold a hearing before entering an order and opinion granting summary judgment.

To support this argument, Begole quotes a 2018 case from the District Court for the Southern District of Mississippi: "A fundamentally fair hearing by an arbitrator is one that 'meets the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator.'" [33] at p. 2 (quoting *Skiba v. Sasser*, 2018 WL 5116096, at *4 (S.D. Miss. Oct. 19, 2018)) (additional citation omitted). Begole also quotes a Fifth Circuit case for the

4

proposition that an arbitrator's award must be vacated if the arbitrator makes an error that "so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Id*. at p. 1-2 (quoting *Rainier*, 828 F.3d at 364). Relying on those cases, she contends that "[t]he law is therefore clear that a 'hearing on the evidence' must be held." *Id*. at p. 2.

Noticeably absent from Begole's briefing on this issue is a reference to any case wherein a district court has held that an arbitrator's decision must be set aside simply because the arbitrator decided the pertinent issues via summary judgment without holding an evidentiary hearing.

On the other hand, however, the Defendants cite several cases wherein courts have held that an arbitrator does not deny a party's due process rights by deciding an arbitration case via summary judgment. They first cite *Burns v. Covenant Health & Rehab of Picayune, LLC*, a 2017 case from the Southern District of Mississippi. 2017 WL 11318979 (S.D. Miss. Nov. 8, 2017). In *Burns*, the arbitrator granted summary judgment in the defendant's favor on the plaintiff's claims arising from purported nursing home negligence which caused the plaintiff's mother's death. *Id*. at *1-2. After finding that the plaintiff had failed to designate an expert qualified to testify as to causation and diagnostic impressions, the arbitrator granted the defendant's motion for summary judgment. *Id*. at *2. The district court declined to vacate the award, holding that "[e]very indication is that Plaintiff received a fair hearing before the arbitrator, *in that she had notice of and an opportunity to respond to Defendant's request for summary judgment*." *Id*. at *3 (emphasis added).

The Defendants also emphasize a 2009 decision from the District Court of Minnesota, wherein that court held that the parties seeking vacation of an arbitration panel's summary judgment decision had waived their right to do so:

> AFLAC also contends that Plaintiffs waived any objections to the arbitrators' use of summary judgment. The Court agrees. "The parties to an arbitration may waive procedural defects by failing to bring such issues to the arbitrator's attention in time to cure the

5

> defects." *Bhd. of Locomotive Eng'rs Int'l Union v. Union Pac. R.R.*, 134 F.3d 1325, 1331 (8th Cir. 1998); *see Delta Mine Holding Co. v. AFC Coal Props., Inc.*, 280 F.3d 815, 821 (8th Cir. 2001) ("Even when a neutral arbitrator is challenged for evident partiality, the issue is deemed waived unless the objected party raised it to the arbitration panel."); *Nat'l Post Office Mailhandlers Div. v. United States Postal Serv.*, 751 F.2d 834, 841 n. 4 (6th Cir. 1985) ("Parties to an arbitration may, of course, be held to have waived their objections if they do not bring certain issues to the attention of the arbitrator while there is still an opportunity to rectify the alleged errors . . ."). Here, Plaintiffs knew in April 2008, when the scheduling orders issued, of AFLAC's intention to move for summary judgment. Of course, Plaintiffs would not have known then whether the motion would be made on the grounds of res judicata, collateral estoppel, waiver, or a statute of limitations, but AFLAC actually moved for summary judgment in August 2008. Plaintiffs did not respond with an assertion that the arbitrators could not entertain the motions. Rather, they acknowledged that AFLAC had correctly stated the standard for summary judgment, asserted that the light in which the arbitrators must view the evidence was even more favorable to Plaintiffs in arbitration than in litigation, argued that a presumption against summary judgment exists in arbitration, and disputed the merits of AFLAC's motions. After AFLAC replied, Plaintiffs saw no need for a hearing "in light of the voluminous briefs, exhibits and affidavits."

*Campbell v. American Family Life Assur. Co. of Columbus, Inc.*, 613 F. Supp. 2d 1114, 1119-20 (D. Minn. 2009).

The Court also notes a more recent case issued by the District Court for the Eastern District of Pennsylvania. *Simons*, 444 F. Supp. 3d at 654. There, the district court rejected the argument that an arbitrator acted improperly by granting summary judgment. *Id*. Specifically, the district court held "[i]f anything, Simons's full participation in the summary judgment process without once challenging its validity belies the notion that [the arbitrator] lacked the authority to decide the case by that method." *Id*.

While aware that none of these cases are factually identical to the case at bar, the Court notes that they are all cases where an arbitration award decided on summary judgment was not

6

vacated by a district court. Furthermore, the Court notes Begole has not provided any documentation or proof of any kind indicating that she in any way requested an in-person hearing or objected to the summary judgment procedure implemented by the arbitrator in this case. In fact, according to the Defendants, she filed a response to the summary judgment motion and even filed a surreply after requesting permission to do so. It is certainly apparent that she had notice of the Defendants' summary judgment request and ample opportunity to respond thereto. After the briefing was completed, the arbitrator issued a 63-page opinion explicitly explaining the reasons for her decision. It was only after receiving the unfavorable ruling that Begole expressed dissatisfaction with the summary judgment procedure. The Court certainly cannot find that Begole lacked "notice of and an opportunity to respond to" the Defendants' summary judgment request. *See Burns*, 2017 WL 11318979 at *3.

Although, as noted above, Begole did not cite any factually analogous cases, she does make reference to the Fifth Circuit's recent decision in *U.S. v. Eli Lilly and Co., Inc.*, 4 F.4th 255 (5th Cir. 2021). She notes that in *Eli Lilly*, the Fifth Circuit interpreted the term "hearing" by looking to Black's Law Dictionary (Fifth Edition), which defines the term as a "proceeding of relative formality . . ., generally public, *with definite issues of fact or law to be tried*, in which witnesses are heard and parties *proceeding* against have right to be heard, . . . and may terminate in final order." *Id*. at 264 (quoting Black's Law Dictionary (5th ed. 1979)) (emphasis previously added). Begole contends that she was entitled to a "fair hearing" and that this Court should apply that same definition here and ultimately find that the arbitrator's course of action was insufficient. This Court notes, however, that *Eli Lilly* was a *qui tam* action, in which the Fifth Circuit was interpreting a specific portion of the False Claims Act. *Id*. Having carefully reviewed *Eli Lilly*, this Court doubts that the Fifth Circuit, in deciding that case, intended it to be utilized to expand the duties and

7

obligations of an arbitrator. Begole's argument is, in this Court's view, a strained reading of *Eli Lilly*. This is particularly true when considered in light of the numerous above-referenced cases from across the country sanctioning the use of the summary judgment procedure in arbitration proceedings.

Considering the evidence before it, including but not limited to Begole's willing participation in the entire process, the Court cannot find that the arbitrator is guilty of misconduct simply by utilizing the summary judgment procedure. Consequently, the Court rejects Begole's argument on this point.

II. *Refusal to consider one of Begole's claims*

Next, Begole avers that the arbitrator is guilty of misconduct because she "refused to consider all of [Begole's] arguments." [33] at p. 3. Begole contends as follows:

> In this matter, Plaintiff raised a contractual claim asserting that Defendants had violated the implied covenant of good faith and fair dealing. After Plaintiff raised this issue, the arbitrator invited both parties to file separate briefs on this specific argument. However, in her final award, the arbitrator made it clear that she had refused to review or consider this claim. In doing so, the arbitrator refused to consider Plaintiff's covenantal argument in any way, shape, or form. As such, the arbitrator deprived Plaintiff of a fair hearing on this argument.

*Id*. (internal citations omitted).

The Court first observes, despite bearing the burden of proof, Begole only attached to her Motion [32] a copy of the arbitrator's decision and a copy of the American Health Law Association's Rules of Procedure for Employment Arbitration. She did not provide copies of any of the pleadings or the briefs submitted to the arbitrator.

Nevertheless, the Court notes that, in the opinion, the arbitrator explained that Begole first raised the implied covenant of good faith and fair dealing claim in her response to the Defendants'

8

motion for summary judgment. The arbitrator then permitted the parties to further brief the issue and ultimately squarely addressed the issue. Although lengthy, because it is particularly pertinent, the Court will set forth below the portion of the arbitrator's decision addressing this issue:

> Upon Respondents' objection to this eleventh hour change, the Arbitrator allowed the parties to brief the issue via a surreply and a response to the surreply.
>
> Freedom to grant leave to amend when justice so requires diminishes as the litigation progresses. Since undue delay or undue prejudice to the opposing party are key factors governing a trier of fact's discretion in granting leave to amend a pleading, ordinarily such permission will be refused where the motion comes so late and in such circumstances that the right of the adverse party will necessarily be prejudicially affected. *Webb v. Braswell*, 93 So.2d 387 (Miss. 2006); *McCarty v. Kellum*, 667 So.2d 1277, 1284-85 (Miss. 1995) cited in *Charlot v. Henry*, 45 So.3d 1237 (Ct. App. Miss. 2010).
>
> Here, the Arbitrator issued a Prehearing Order on July 8, 2019 that set the cut-off date for amendments as August 30, 2019. In it, Claimant did not re-state the factual or legal bases underlying her breach of contract claim. Nor did Claimant seek leave from the Arbitrator to file a late amendment when she discovered that facts alleged would not support her breach of contract theory.
>
> Rather, Claimant attempts to amend Count IX through a response to a summary judgment motion arguing Respondents will suffer no prejudice because they (and the Arbitrator) "knew or should" have know that her breach of contract claim also might include a contractual right to be free from discrimination and breach of the duty of good faith and fair dealing via incorporation of all prior paragraphs. This argument is rejected.
>
> First, there is no mention at all of breach of the duty of good faith and fair dealing anywhere else in the Amended Complaint and there is no specific reference to the particular paragraphs of Claimant's [employment agreement] or [independent contractor agreement] which discusses non-discrimination. Second, Claimant's attempt to rely on these paragraphs as the factual predicate for Count IX unquestionably changes its underlying facts and the legal theory stated in the Amended Complaint. Third, Claimant cannot attempt to inject an entirely new claim particularly using "trojan horse"

9

>  methodology into the Amended Complaint through a response to a summary judgment motion.

[32], Ex. 1 at p. 61-62 (citations omitted) (emphasis in original).

As the above-quoted language makes clear, the arbitrator contemplated the additional claim but decided that Begole had not pled the claim appropriately and in a timely manner. The arbitrator provided an extensive explanation for that decision. Having reviewed the arbitrator's decision, the Court finds Begole's representation that the arbitrator did not address the claim to simply be inaccurate. The arbitrator considered her request to amend her complaint and provided clear reasoning as to why it was not appropriate. If this Court vacated the decision on that ground, it would essentially be deciding the issue on the merits, which exceeds the Court's authority at this stage. *See The Householder Grp.*, 354 F. App'x at 851; *Cooper*, 832 F.3d at 546. The Court rejects this argument.

> III. *Failure to comply with the applicable contract provision and arbitration rules*[1]

Lastly, Begole contends that the arbitrator exceeded her authority because Begole's employment contract included language that the arbitration "shall be conducted *in Tupelo, Mississippi*, pursuant to the *rules and procedures of the American Health Lawyers Association Alternative Dispute Resolution Service*[.]" [33] at p. 4 (emphasis previously added). Begole asserts that "[t]he arbitrator in this case never went to Tupelo, and an in-person hearing was never held." *Id.* at p. 5.

The Court addressed the arbitrator's utilization of the summary judgment procedure at length above. This argument appears to be another way to raise the same issue. Having already

---

[1] The Court notes that Begole frames these issues as two separate arguments; however, because they are intertwined, the Court will address them jointly.

10

held that the arbitrator's use of the summary judgment procedure did not violate the FAA, the Court rejects this argument.[2]

Similarly, Begole contends that the arbitrator "was bound to follow the rules of the American Health Lawyers Association (AHLA) Alternative Dispute Resolution Service." [33] at p. 5. In particular, she argues "Rule 7.2 of the AHLA's Rules of Procedure for Employment Arbitration states that (except in cases of consent and failure to prosecute which are not present here), 'the Final Award must be based on evidence presented *at a hearing*. Here, the arbitrator issued her final award without ever conducting a hearing on the matter. In doing so, the arbitrator failed to conduct the arbitration pursuant to the rules and procedures of the AHLA and failed to follow the forum-selection clause in the arbitration agreement." *Id*.

This argument also seems to be another way to argue against the summary judgment procedure, which was addressed at length above. Additionally, the Court notes that Begole cites no cases where an arbitrator's decision has been vacated under similar circumstances. The Court finds this absence telling, particularly when she bears the burden of establishing the award should be vacated. As noted above, based on the evidence before the Court, it appears clear that Begole participated fully in the summary judgment process, submitting both a response and a surreply. She has provided the Court nothing to indicate that she posed any objection to the arbitrator proceeding in that fashion. Furthermore, the arbitrator issued an opinion addressing the pertinent issues and evidence and explaining the reasons for her ruling in favor of the Defendants.

---

[2] The Defendants contend that the referenced contractual provision upon which Begole relies is not from the correct contract. The Court will not address this argument because, even assuming the above-referenced contractual provision is the appropriate provision, Begole is not entitled to relief.

Ultimately, the Court finds that this case does not constitute one of the "very unusual circumstances" where an arbitrator's decision should be disturbed. *See Rainier DSC I*, 828 F.3d at 364.

## *Conclusion*

For the reasons set forth above, the Court will not vacate the arbitrator's decision. Begole's Motion [32] is DENIED. This CASE remains CLOSED.

SO ORDERED this the 28th day of February, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE